FILED

SEP 1 3 2019

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  4:19CR753 SPM |
| JAMES W. LEACH, | ) ) |
| Defendant. | ) ) |

## INFORMATION

### INTRODUCTION

The United States Attorney charges that:

1. JAMES W. LEACH ("LEACH") was an employee of B&D Pest Solutions LLC, a company in the business of exterminating pests on the property of its customers for a fee.

2. LEACH was a licensed Pesticide Technician and held License Number T23510, which expired on May 31, 2018. LEACH was not certified to apply Zinc Phosphide Tracking Powder; however, could apply it under the direct supervision of a Certified Applicator.

3. Zinc Phosphide Tracking Powder was a United States Environmental Protection Agency ("US EPA") registered pesticide, EPA Registration Number 12455-16.

4. Zinc Phosphide Tracking Powder contained the active ingredient Zinc Phosphide, which made it a restricted-use pesticide, under regulations from the U.S. EPA. 40 C.F.R. § 152.175.

5. On or about January 3, 2018, LEACH applied the restricted-use pesticide, Zinc Phosphide Tracking Powder, in open areas on the main floor of a residence at 5068 Westminster Place, St. Louis, MO, where six individuals resided including four children, ages 3-13.

1

6. After the application of Zinc Phosphide Tracking Powder inside the residence, LEACH filled out a company service report documenting the pesticide used in the residence and the areas of structure, which were treated.

7. The labeling for the Zinc Phosphide Tracking Powder contained a Federal Caution Statement, "It is a violation of federal law to use this product inconsistent with its labeling," and listed under the Directions For Use, the following instructions:

    a) Do not apply this product in a way that will contact workers or other persons, either directly or through drift;

    b) Only protected handlers may be in the area during application;

    c) Keep all other persons out of the treated area during application;

    d) Apply only in locations inaccessible to children, pets, or domestic animals.

## APPLICABLE LAW

**The Federal Insecticide, Fungicide and Rodenticide Act**

8. The Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 et seq., regulates the production, sale, distribution and use of pesticides in the United States. Under this law, a "pesticide" is any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest. 7 U.S.C. § 136(u); 40 C.F.R. § 152.3. The term "pest" is broadly defined to include, among other things, weeds and any other form of terrestrial or aquatic plant life or animal life. 7 U.S.C. § 136(t).

9. FIFRA requires all pesticides to be registered with the U.S. EPA before they can be sold or distributed. 7 U.S.C. § 136a(a). The registration process is detailed, and applicants are required to submit a substantial amount of information to the U.S. EPA in support of a request for registration. Items of information that must be submitted in support of an application to

register a pesticide include the complete formula of each pesticide for which registration is sought, including the identity of its active and inert ingredients; all proposed labeling for the pesticide; and a statement of all pesticidal claims to be made for the pesticide. See 7 U.S.C. § 136a(c); 40 C.F.R. § 158.155. The FIFRA regulations also require applicants to furnish data on the environmental fate and toxicology of each pesticide. 40 C.F.R. §§ 158.290, 158.340.

10. Registered pesticides are given a product registration number beginning with the phrase "EPA Reg. No." Pesticide-producing establishments also receive an establishment-registration number (designated by the phrase "EPA est. No."). 40 C.F.R. §§ 156.10(e) and 156.10(f). As a condition of registration, all registered pesticides must have a label that bears both the product registration and establishment numbers. 40 C.F.R. § 156.10(a). This label also must contain several other pieces of information, such as the directions for use of the pesticide (40 C.F.R. § 156.10(i)); child hazard warnings (40 C.F.R. § 156.66); a first aid statement (40 C.F.R. § 156.68); precautionary statements for humans and domestic animals (40 C.F.R. § 156.70); and environmental hazard and precautionary statements (40 C.F.R. §§ 156.80 and 156.85). Proposed labels must be submitted to the U.S. EPA along with the application for registration. 40 C.F.R. § 152.50(e).

11. Section 2(s) of FIFRA defines the term "person" to mean any individual, partnership, association, corporation, or any organized group of persons whether incorporated or not. 7 U.S.C. § 136(s).

12. FIFRA Section 2(p)(1) defines "label" as the written, printed, or graphic material on or attached to the pesticide or device or any of its containers or wrappers. 7 U.S.C. § 136(p)(1).

13. Section 2(p)(2) of FIFRA defines "labeling" to mean all labels and all other written, printed, or graphic matter (A) accompanying the pesticide or device at any time; or (B) to which reference is made on the label or in literature accompanying the pesticide or device.

14. Selling and using pesticides in ways inconsistent with the registration statement are unlawful acts under FIFRA. 7 U.S.C. § 136j. In particular, it is unlawful for any person to use any registered pesticide in a manner inconsistent with its labeling. 7 U.S.C. § 136j(a)(2)(G)

## COUNT ONE
**(Using a Restricted-Use Pesticide in a Manner Inconsistent with its Labeling)**

15. Paragraphs 1 through 14 are incorporated and re-alleged as if fully set forth.

16. On or about January 3, 2018, within the City of St. Louis, within the Eastern District of Missouri

**JAMES W. LEACH,**

defendant herein did knowingly apply a restricted-use pesticide registered with the U.S. Environmental Protection Agency in a manner inconsistent with its labeling, to wit; LEACH applied and caused to be applied a pesticide containing Zinc Phosphide within an interior living space in areas accessible to children although the pesticide's label did not permit such use.

All in violation of 7 U.S.C. §§136j(a)(2)(G) and 136(l)(b)(1)(B).

Respectfully Submitted,

JEFFREY B. JENSEN
United States Attorney

DIANNA R. COLLINS
Assistant United States Attorney

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Dianna R. Collins, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

*[signature]*
DIANNA R. COLLINS, #59641MO

Subscribed and sworn to before me this 13th day of September, 2019.

*[signature]*
CLERK, U.S. DISTRICT COURT

By: *[signature]*
DEPUTY CLERK